UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LISA WHITMORE, etc.,

                Plaintiff,

           - against -

KEVIN M. KERBIS, et al.,

                Defendants.
----------------------------------------------------------X

**ORDER**

CV-05-3895 (BMC) (VVP)

**COGAN**, District Judge.

       This wrongful death case is before the Court on plaintiff's motion *in limine*, in which she seeks a determination that Pennsylvania rather than New York law will apply to determine what categories of damages she may recover. Pennsylvania law applicable to wrongful death actions allows greater damages than New York law in that, at least, Pennsylvania allows recovery for loss of consortium and New York law does not. The question is close, but the Court concludes that New York law should apply to the damage issues in this case.

       The competing interests in cases like this are generally the same. One forum seeks to protect its domiciliaries in the event of wrongful death by allowing recovery of some form of enhanced damages, most typically loss of consortium claims or punitive damages. The other forum's policies seek to protect its domiciliaries and frequently to encourage business within its borders by limiting defendants' exposure to tort damages in some fashion.

The Court finds that New York law governs both the liability issues (as plaintiff concedes) and the damage issues in this case for two reasons. First, the New York domicile of the Kerbis defendants cannot be disregarded. Plaintiff contends that since she has agreed in principle to settle for those defendants' policy limits, they should be treated as if they are not parties for purposes of the choice of law analysis. The settlement, however, has not been consummated, and may not be. The Court has not been advised of the reasons why that is the case; we can speculate that plaintiff may be unwilling to take the risk of a judgment reduction that might be triggered in favor of Smith under the New York General Obligations Law. Whatever the reason is, the fact remains that New York has an interest in protecting its domiciliaries from the type of damage claims for wrongful death that Pennsylvania law imposes, and they remain exposed to those claims as long as they are parties.

Second, while defendant Smith is not a New York domiciliary, the Court in <u>Phelan v. Budget Rent-A-Car Systems, Inc.</u>, 267 A.D.2d 654, 699 N.Y.S.2d 568 ( 3d Dep't 1999), indicated that New York will assert its policy interest when the non-domiciliaries involved have a significant connection to the State beyond the accident. In <u>Phelan</u>, the connection was that both the non-domiciliary driver and the non-domiciliary decedent owned vacation homes in New York. Here, defendant Smith was on his regular delivery run from New Jersey to Long Island at the time of the accident, a run he had made once or twice a week every week for at least a year prior to the accident. That the accident happened in New York thus is not fairly characterized as entirely fortuitous; it happened in connection with regularly transacted business within New York's borders. This fact also implicates New York's interest in having its law applied to this matter.

Accordingly, plaintiff's damage claims will be determined under New York law.[1]

**SO ORDERED.**

                                                            s/ Brian M. Cogan
                                                                     U.S.D.J.

Dated: Brooklyn, New York
       July 21, 2007

---

[1] Plaintiff's reply brief suggests that New York law and Pennsylvania law are not all that different on the relevant damage issues. That seems contrary to plaintiff's opening brief, and indeed raises the question as to why plaintiff would pursue this issue at all. The Court has disposed of the issue on the basis that the case presents a true conflict, as plaintiff's opening brief and defendant's opposition demonstrate.