# SEIDEN WAYNE LLC
## ATTORNEYS AT LAW

TWO PENN PLAZA EAST
NEWARK, NEW JERSEY 07105-2249
(973) 491-3600
TELECOPIER (973) 491-3555
http://www.seidenwayne.com

HERON TOWER
70 EAST 55TH STREET
NEW YORK, NEW YORK 10022
(212) 446-5000
TELECOPIER (212) 446-5055

1500 MARKET STREET
12TH FLOOR, EAST TOWER
PHILADELPHIA, PENNSYLVANIA 19102
(215) 665-5644
TELECOPIER (215) 569-8228

SIBLEY TOWER, SUITE 1172
25 FRANKLIN STREET
ROCHESTER, NEW YORK 14604-1009
(585) 232-4560
TELECOPIER (585) 232-4606

August 17, 2007

ROBYN M. GNUDI, ESQ.
DIRECT DIAL: 973-491-3373
DIRECT FAX: 973-491-3482
E-MAIL: rmg@seidenwayne.com

Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

**Via ECF**
Honorable Brian M. Cogan
U.S. District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **Lisa Whitmore v. Kevin M. Kerbis, et al.**
**Index No. CV-05-3895**

> Motion to bifurcate is granted. The Court finds that bifurcation will not only eliminate the possibility of prejudice, but may result in added efficiency if the jury returns a defense verdict as to liability. The witnesses and evidence are materially different in both phases which further suggests the propriety of bifurcation. The damagecase will be tried before the same jury if the liability verdict is for plaintiff.
> SO ORDERED: 8/17/07
> S/Brian M. Cogan
> U.S.D.J.

Dear Judge Cogan:

Defendants Helena Chemical Co., Keith Smith and Wheels, Inc. ("Helena") hereby reply to Plaintiff's opposition to the motion with respect to the within request that this Court bifurcate the damage and liability aspect of the trial.

As a preliminary matter, there are no out of state witnesses on the issue of liability, other than Keith Smith, who resides in New Jersey. Therefore, the convenience of the witnesses is not an issue for the Court to consider on this motion.

Plaintiff is seriously downplaying the impact of a bifurcated trial on the length of the trial. By bifurcating this trial, it will cut the entire trial in half. None of the witnesses on

932313-1

liability–approximately 4 or 5–are relevant to the issue of damages. None of the witnesses on damages–minimally, 4 or 5–will testify on liability.

Moreover, if the jury comes back with a no cause against the Helena defendants, the trial will be over because Plaintiff's counsel has already represented to this Court that they will not be pursuing the Kerbis defendants beyond the $100,000 insurance limits that they have already tendered. If that occurs, the Plaintiff can move to the pending Pennsylvania Underinsured/ Uninsured actions to recover for its damages against the underinsured Kerbis defendants.[1]

Contrary to counsel's claims, there is no curative instruction that the Court can give to resolve the prejudice that will result to the Helena defendants if there is no bifurcation. The impact of hearing the testimony of the widow and children may likely impact the resulting decision of the jury on the issues of liability. In this situation, where the Helena defendants could be responsible for the entire judgment under the law of joint and several liability, if they are found even 1% liable, and where the liability is so speculative, the prejudice that may result from no bifurcation is extraordinary. Moreover, there is absolutely no prejudice to the Plaintiff in a bifurcated trial.

For the foregoing reasons, this motion must be granted.

Respectfully submitted,

/s/

ROBYN M. GNUDI

---

[1] The Kerbis defendants have not executed releases with respect to the settlement, but for all intents and purposes the matter is resolved as to them. In light of that fact, if there is a finding of liability against the Helena defendants we will be moving to have the Court credit the Helena defendants for that portion of liability attributed to the Kerbis defendants under the General Obligations Law.